IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
IN RE                          )
                               )
GLENDA F. WALTON,              )   CASE NO. 07-38475-H3-13
                               )
        Debtor                 )
                               )
```

<u>MEMORANDUM OPINION</u>

      The court heard the Amended Application for Approval of Fixed Fee Agreement (Docket No. 74) filed by Jeffrey E. Crews, counsel for Debtor, Glenda F. Walton.  No responses or objections were filed to the Amended Application and counsel for the Chapter 13 Trustee announced, at the hearing held October 30, 2008, that he was unopposed to the fee agreement.  After consideration of the pleadings, testimony and argument of counsel, the court makes the following Findings of Fact and Conclusions of Law denying in part and granting in part the Amended Application.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

      Glenda F. Walton, Debtor, filed a chapter 13 petition on December 5, 2007.  On this same date Jeffrey E. Crews, her counsel of record, filed a Fixed Fee Application which the court subsequently approved and a "Disclosure of Compensation of Attorney For Debtor."  Docket Nos. 1, 4, and 5.  The Fixed Fee Agreement provides for a fixed fee of $2,500 to be awarded to attorneys for

the performance of specified services.[1]  The agreement also lists various services that are not included, one of which is representation of the debtor in a contested matter.  The Disclosure of Compensation reflects that counsel agreed to represent the Debtor for a fee of $2,500.

On September 30, 2008, Jeffrey E. Crews filed the instant Amended Application for Approval of Fixed Fee Agreement.  Docket No. 74.  Pursuant to the Amended Application, Crews requests that the court increase the fixed fee to the amount of $3,050 to compensate him for time spent and services rendered in connection with Debtor's objection to the claim of the Internal Revenue Service (IRS).

On October 30, 2008 the court held a hearing on the instant Amended Application and Crews testified that the case was filed on an expedited basis and at the time of filing the Debtor did not inform him about the existence of outstanding taxes that were owed to the IRS.  Crews testified that he filed an objection to the IRS's claim on Debtor's behalf and after eight months of protracted litigation, an Agreed Order was entered into reducing

---

[1] The specified services are: Counsel with the Debtors on an as needed basis; Prepare and file a proposed Chapter 13 Plan and any required amendments to the Plan; Prepare and file the required schedules and statements and any required amendments; Prepare and file miscellaneous motions required to protect the Debtor's interests in the case; Prepare and file responses to motions filed against the Debtor-even if the response is a statement that the Debtors do not oppose the relief; Attend the § 341 meeting; Attend the confirmation hearing, if required under the circumstances, pursuant to an Order entered in the Chapter 13 case, or pursuant to local rules; and Advise the Debtors concerning their obligations and duties pursuant to the Bankruptcy Code, Bankruptcy Rules, applicable court orders and the provisions of their Chapter 13 Plan.

the amount of the taxes.  Debtor's Objection to the claim of the IRS was filed on February 20, 2008 and an Agreed Order resolving the Objection was filed on October 13, 2008.  Docket Nos. 24 and 84.  Thereafter, on October 30, 2008, Debtor's plan was confirmed.  Docket no. 90.

Crews testified that, at the time of the initial filing of the instant case, he anticipated that the case would require between ten to fifteen hours of his time.  He further testified that, as a result of the tax issue, the time spent on this case expanded to approximately thirty hours.  No response or objection to the Amended Application was filed and Debtor has consented to the increased fees of $550 for the additional work.  At the hearing, the Chapter 13 Trustee announced no opposition to the Amended Application or increased fee request. Crews filed a second Disclosure of Compensation on November 20, 2008, which reflects that he has agreed to represent the Debtor for the fee of $3,050.

The court finds that the terms of the Fixed Fee Agreement do not govern Applicant's request for the increased fees of $550 for the additional work as the additional services rendered related to representation of the debtor in a contested matter.  The Objection to the Claim of the IRS was a contested matter. Bankruptcy Rules 3007 and 9014.  The court will treat the Amended Application as a request for additional fees based upon hourly rates.

Section 330(a)(4)(B) of the Bankruptcy Code provides that,

> [i]n a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

These other factors include the time and amount spent on such services, the rates charged for such services, whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of the case, whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than bankruptcy cases. 11 U.S.C. § 330(a)(3); *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

Counsel's services on behalf of a debtor must represent an identifiable, tangible, and material benefit to the estate with the chances of success outweighing the costs of pursuing the action, at the time the services are performed. *In the Matter of Pro-Snax Distributors, Inc.,* 157 F.3d 414 (5th Cir. 1998). The allowance of reasonable compensation to debtor's attorney, pursuant to section 330(a)(4)(B), must be for representation of the

4

interests of the debtor in connection with the bankruptcy case.

The court takes judicial notice of the above captioned bankruptcy case in its entirety, including the claims register, schedules, docket sheet and all pleadings. After consideration of the testimony of Jeffrey Crews, the description of the services rendered and the results obtained, the court finds that the additional fees are reasonable for the services rendered. The court also finds that these services were necessary and were of benefit to the estate and awards the additional fees of $550 requested by Applicant.

Based upon the above findings and conclusions, the court will enter a separate Judgment in conjunction with this Memorandum Opinion denying in part and granting in part the Amended Application.

Signed at Houston, Texas on this 16th day of January, 2009.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

5